# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE "CHIP" CRANDALL AND ALICIA BERRY AS COTRUSTEES OF THE REVOCABLE INTERVIVOS TRUST OF MARJORIE M. CRANDALL DATED FEBRUARY 28, 1991 AS RESTATED IN FULL ON APRIL 7, 2011,<br><br>Plaintiff,<br><br>vs.<br><br>SEMILLON INC. dba FAIRLANE CLEANERS, a California corporation; FAIRLANE CLEANERS, INC., a California corporation; and THOMAS E. MULLINS, an individual; ALEXANDER G. SHAW, an individual; and CINDY L. CASSELMAN, an individual; and DOES 1 through 100, inclusive,,<br><br>Defendants. | CASE NO. 15cv1257-GPC(NLS)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY FOR DEFENDANTS AND COUNTERCLAIMANTS FAIRLANE CLEANERS, INC.; ALEXANDER G. SHAW; AND CINDY CASSELMAN**<br><br>[Dkt. No. 37.] |

On February 2, 2016, Duckor Spradling Metzger & Wynne, attorney for Defendants and Counterclaimants Fairlane Cleaners, Inc., Alexander G. Shaw and Cindy Casselman, filed a motion to withdraw as attorney. No opposition has been filed. The Court finds it suitable to decide the matter based on the unopposed motion. See Civil Local Rule 7.1(d)(1).

**Discussion**

"An attorney may not withdraw as counsel except by leave of court." <u>Darby v. City of Torrance</u>, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. <u>Washington v. Sherwin Real Estate, Inc.</u>, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts should consider the following factors when ruling upon a motion to withdraw as counsel:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

<u>Deal v. Countrywide Home Loans</u>, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively or if the client breaches an obligation as to expenses or fees. Cal. R. Prof. Conduct 3-700(C)(1)(d) &(f). Failure to pay counsel can be a valid reason for withdrawal. <u>Indymac Federal Bank, FSB v. McComic</u>, No. 08cv1871-IEG(WVG), 2010 WL 2000013, at *1 (S.D. Cal. 2010).

In a declaration, defense counsel asserts that it would be unreasonably difficult for the firm to continue to represent Defendants because they are in arrears in paying attorneys' fees and costs, and there is no indication that the balance will be paid in the foreseeable future. (Dkt. No. 37-2, Keith Decl. ¶¶ 3, 4, 7.) In addition, no party will be prejudiced because the case is only at its initial stages as no discovery has commenced in this matter.

Based on the moving papers, and no opposition having been filed, the Court concludes that the withdrawal will not prejudice litigants, harm the administration of justice or unduly delay the resolution of the case.

Good cause appearing, IT IS HEREBY ORDERED that the Court GRANTS the

motion to withdraw as counsel filed by Duckor, Spradling Metzger & Wynne ALC. Defendants and Counterclaimants Alexander G. Shaw and Cindy Casselman shall file an order for substitution of counsel or notify the Court they intend to proceed in pro per on or before **April 18, 2016.**

Defendant and Counterclaimant Fairlane Cleaners, Inc., a corporation, may not proceed in federal court without counsel. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also United States v. High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987); Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."). Therefore, the Court grants Fairlane Cleaners, Inc. until **April 18, 2016** to obtain substitute counsel and have counsel file a notice of appearance. Fairlane Cleaners, Inc. is notified that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings. See High Country Broadcasting Co., Inc., 3 F.3d at 1245.

The Court DIRECTS Duckor, Spradling Metzger & Wynne ALC serve a copy of this ORDER on each of the Defendants. The hearing set for March 4, 2016 shall be **vacated**.

IT IS SO ORDERED.

DATED: March 3, 2016

HON. GONZALO P. CURIEL
United States District Judge