**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE "CHIP" CRANDALL AND ALICIA BERRY AS COTRUSTEES OF THE REVOCABLE INTERVIVOS TRUST OF MARJORIE M. CRANDALL DATED FEBRUARY 28, 1991 AS RESTATED IN FULL ON APRIL 7, 2011,<br><br>Plaintiff,<br><br>vs.<br><br>SEMILLON INC. dba FAIRLANE CLEANERS, a California corporation; FAIRLANE CLEANERS, INC., a California corporation; and THOMAS E. MULLINS, an individual; ALEXANDER G. SHAW, an individual; and CINDY L. CASSELMAN, an individual; and DOES 1 through 100, inclusive,,<br><br>Defendants. | CASE NO. 15cv1257-GPC(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SEMILLON AND MULLINS' EX PARTE APPLICATION FOR JUDGMENT AGAINST FAIRLANE CLEANERS, INC. AND DISMISSAL OF FAIRLANE CLEANERS' COUNTERCLAIM**<br><br>[Dkt. No. 59.] |

Before the Court is Defendants Semillon, Inc., dba Fairlane Cleaners, and Thomas Mullins' ex parte application for judgment against Fairlane Cleaners, Inc. and dismissal of Fairlane's entire action including pleadings and counterclaims for failing to obtain counsel. (Dkt. No. 59.) Defendant Fairlane Cleaners, Inc. did not file an

opposition.[1]

## Background

On June 4, 2015, Plaintiff Lawrence "Chip" Crandall and Alicia Berry as co-trustees of the Revocable Intervivos Trust of Marjorie M. Crandall dated February 28, 1991 as restated in full on April 7, 2011 filed a complaint under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") and other federal and state law causes of action for recovery of costs incurred by Plaintiff for the release and threatened release of hazardous substances onto real property owned by Plaintiff against Defendants Semillon Inc., dba Fairlane Cleaners ("Semillon"); Fairlane Cleaners, Inc. ("Fairlane"); Thomas Mullins ("Mullins"); Alexander Shaw ("Shaw"); and Cindy Casselman. (Dkt. No. 1, Compl. ¶ 1.) Defendants leased the property from Plaintiff from 1988 to the present for purposes of operating a dry cleaning facility. (Id. ¶ 2.)

Fairlane appeared through counsel on June 29, 2015. (Dkt. No. 3.) On the same day, Semillion and Mullins' filed a counterclaim against Fairlane. (Dkt. No. 5.) Fairlane filed an answer to Semillon and Mullins' counterclaim on July 23, 2015, and a counterclaim against Semillon and Mullins. (Dkt. Nos. 12, 13.) Semillon and Mullins filed an answer to the counterclaim on August 13, 2015. (Dkt. No. 17.)

On March 3, 2016, the Court granted defense counsel's motion to withdraw as Fairlane and Shaw's attorney. (Dkt. No. 43.) In that order, the Court directed Fairlane to obtain substitute counsel by April 18, 2016. (Id. at 3.) On April 18, 2016, Fairlane, through its representative Shaw, filed a request for extension of time to obtain new counsel. (Dkt. No. 49.) The Court granted Fairlane's request to obtain new counsel by May 20, 2016. (Dkt. No. 52.) On May 20, 2016, certain parties filed a joint motion

---

[1] On August 6, 2016, the Court received an email from Alexander Shaw, president of Fairlane Cleaners, Inc., responding to the ex parte application. (Dkt. No. 61-1.) The Court rejected the document because "Corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3; Ex Parte Communication Civil Local Rule 83.9." (Id.)

1  to modify dates due to a pending settlement and because Fairlane had not yet obtained
2  new counsel. (Dkt. No. 55.)  The joint motion was granted by the Magistrate Judge on
3  May 23, 2016.  (Dkt. No. 56.)  To date, Fairlane has not obtained substitute counsel.
4  Semillon and Mullins' counsel states that prior to stipulating to the joint motion to
5  modify dates, Shaw, the President of Fairlane, indicated he could not afford counsel
6  and did not intend to retain new counsel. (Dkt. No. 59 at 5, Reaves Decl. ¶ 5.)  As
7  such, on August 5, 2016, Semillon and Mullins filed the instant ex parte application for
8  motion for judgment against Fairlane, and dismissal of Fairlane's counterclaim against
9  Semillon and Mullins. (Dkt. No. 59.)

## Discussion

A corporation, may not proceed in federal court without counsel. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also United States v. High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987).  In the Southern District of California, "all other parties, including corporation, partnerships and other legal entities may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." Civ. Local R. 83.3j. "It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citing Licht v. Am. W. Airlines (In re Am. W. Airlines), 40 F.3d 1058, 1059 (9th Cir. 1994)).

In United States v. High Country Broadcasting Co., the Ninth Circuit held that a default judgment was appropriate when the defaulting corporation failed to comply with the district court's order to retain licensed counsel. 3 F.3d 1244, 1245 (9th Cir. 1993). The sole shareholder and president of the corporation, who was not an attorney, attempted to represent the corporation "by filing an answer and cross-complaint" on behalf of it. Id. After discovering that the shareholder was not an attorney, the district court ordered the corporation to retain licensed counsel. Id.  After the corporation

1 | failed to retain counsel, the district court entered default judgment against it. Id.

2 | When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it. Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993 (9th Cir. 2007). Procedurally, courts have stricken the answers of corporate defendants who have failed to defend themselves, directed entry of default, and then allowed the plaintiff to move for default judgment. See Rojas v. Hawgs Seafood Bar, Inc., No. C08–03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."); Oracle America, Inc. v. Serv. Key, LLC, No. C12-790SBA, 2013 WL 1195620, at *2-3 (N.D. Cal. Mar. 22, 2013) (ordering that if substitute counsel is not found, the court will strike answer and direct entry of default, and then plaintiff may file a motion for default judgment).

The facts in Schenker are akin to the facts in this case. Schenker, Inc. v. Predatory Mogulwear Inc., No. C 07-1795 WHA, 2007 WL 4556915 (N.D. Cal. 2007). Defendant initially retained counsel and filed an answer and a counterclaim, but due to its failure to pay its attorney's fees the district court allowed counsel to withdraw as defense counsel. Id. at *1. The court warned the defendant that if it failed to appear with new counsel at the next conference, the court would hear a motion for default judgment and dismiss its counterclaim with prejudice. Id. When defendant failed to retain new counsel and did not appear at the conference, the plaintiff filed a motion for default judgment and a motion for dismissal of the defendant's counterclaim with prejudice. Id. The Court conducted an analysis of default judgment under Federal Rule of Civil Procedure ("Rule") 55(b) considering the requisite Eitel[2] factors and granted the plaintiff's motion for default judgment. Id. at *2.

Here, Semillon and Mullins improperly move for judgment on the pleadings pursuant to Rules 12(b)(6) and 12(c), or alternatively Rule 56, and do not allege any

---

[2]Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986).

damages sought. (Dkt. No. 59 at 2.) Instead, Semillon and Mullins should move for default judgment once the answer has been struck and default entered pursuant to Rule 55(b) and address the Eitel factors. Once in default, while factual allegations in the complaint are taken as true, those related to the amount of damages must be proven. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Here, Semillon and Mullins have not asserted that they seek or do not seek damages. Accordingly, the Court DENIES without prejudice Semillon and Mullins' ex parte motion for judgment on the pleadings pursuant to Rule 12(b)(6), (c), or alternatively Rule 56.

Semillon and Mullins also seek dismissal of Fairlane's counterclaims and its answer for failing to comply with the Rules. Under Rule 41(b), a district court may dismiss an action, including a counterclaim, based upon the failure to prosecute, the failure to obey a court order, and the failure to comply with the Rules. Fed. R. Civ. P. 41(b)&(c). In the attorney withdrawal order, the Court warned Fairlane "that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings." (Dkt. No. 43 at 3.) Because Fairlane has failed to comply with the Court's order and failed to prosecute the action, the Court finds it appropriate to dismiss Fairlane's counterclaim against Semillon and Mullins and also strike Fairlane's Answer and direct entry of default against Fairlane. See Schenker, Inc., 2007 WL 4556915 at *3 (dismissal of counterclaim with prejudice for failing to obtain substitute counsel and "a refusal to obtain counsel constitutes a failure to appear in this action, including a failure to file an answer to plaintiff's complaint"); Employee Painters' Trust, 480 F.3d at 998 (defendant in default for failing to retain substitute counsel for corporation and not for failing to answer); Solaria Corp. V. T.S. Energie e Risorse, S.R.I., Case No. 13cv5201-SC, 2014 WL 7205114, at *4 (N.D. Cal. Dec. 17. 2014) (dismissing counterclaim with prejudice for the defendant's failure to retain new counsel).

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Semillon

and Mullin's ex parte motion for judgment on the pleadings and dismissal of Fairlane's entire action.

Specifically, the Court DENIES Semillon and Mullin's ex parte motion for judgment on their counterclaim, (Dkt. No. 5).  In addition, the Court GRANTS Semillon and Mullin's ex parte motion for dismissal of Fairlane's counterclaim against Semillion and Mullin, (Dkt. No. 13), and GRANTS their motion to strike Fairlane's answer to Semillon and Mullin's counterclaim filed on July 23, 2015, (Dkt. No. 12). The Court also directs the Clerk of Court to enter default against Fairlane.

Semillon and Mullin's may file a motion for default judgment with the appropriate legal authority and analysis, and supporting evidence for any claimed damages within 30 days of this order.

IT IS SO ORDERED.

DATED:  August 25, 2016

HON. GONZALO P. CURIEL
United States District Judge